**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01318-NYW

ALL PLASTICS, INC., d/b/a BUD BAR DISPLAYS and BUDBARDISPLAYS.COM, a California corporation,

    Plaintiff,

v.

SAMDAN LLC, d/b/a SMOKUS FOCUS, a South Carolina limited liability company, SAMUEL WHETSEL, an individual and in his capacity as a member of SamDan LLC, and DANIEL RUSSELL-EINHORN, an individual and in his capacity as a member of SamDan LLC,

    Defendants.

**MOTION TO DISMISS DEFENDANTS WHETSEL AND RUSSELL-EINHORN**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Samuel Whetsel ("Whetsel") and Daniel Russell-Einhorn ("Russell-Einhorn") respectfully move to dismiss the claim asserted against them individually in Plaintiff All Plastic, Inc.'s ("All Plastic") Complaint for Patent Infringement and Demand for Jury Trial ("Complaint") as follows:

**INTRODUCTION**

It is an unfortunate aspect of modern commercial litigation that in disputes between corporate entities, some plaintiffs also assert claims against individual defendants, not because they have any basis to believe those individuals bear any real personal responsibility but simply

to gain some perceived strategic advantage. While this practice has become all too common, it is seldom employed so brazenly as in this case. All Plastic alleges Defendant SamDan, LLC d/b/a Smokus Focus ("Smokus") sells containers that infringe a patent All Plastic holds on a type of plastic container. All Plastic then asserts a claim for patent infringement not only against Smokus but also against Whetsel and Russell-Einhorn. Yet All Plastic makes no factual allegations whatsoever of infringement or other misconduct by Whetsel and Russell-Einhorn individually. All Plastic has failed even to attempt to state a claim upon which relief can be granted against Whetsel and Russell-Einhorn, and its claim against those individual defendants should be dismissed.

## FACTUAL BACKGROUND

For purposes of this motion only, Defendants Whetsel and Russell-Einhorn assume the factual allegations of the Complaint to be true. As alleged in the Complaint, All Plastic is a manufacturing company specializing in the development of plastic containers and displays for retailers. Complaint, ¶¶ 1, 15. All Plastic holds U.S. Patent No. 10,384,834, titled "Container for Providing Aromatic Sampling and Visualization of Contents (the "'834 Patent"). *Id.*, ¶¶ 1, 18-21. All Plastic has developed several containers popular with medicinal and recreational cannabis shop proprietors that incorporate features of the '834 Patent. *Id.*, ¶ 22.

Smokus sells a variety of containers for the storage of cannabis, including containers referred to as "stash jars." Complaint, ¶¶ 3, 23. In January 2020, Smokus began to advertise, market and sell containers called the "JetPack" and "JetPack Infinity." *Id.*, ¶ 24. The Complaint includes photographs of these Smokus containers, each of which bears the "Smokus" name and logo. *Id.*, ¶¶ 23, 25. All Plastic alleges that the Smokus "JetPack" and "JetPack Infinity"

containers have an appearance similar to Figure 14 of the '834 Patent and are "identical" to one of the '834 Patent claims, although All Plastic does not specify which claim. *Id.*, ¶ 25.

In the introductory section of its Complaint, All Plastic alleges that Defendants Whetsel and Russell-Einhorn are members of Smokus. Complaint, ¶¶ 4, 5. All Plastic asserts generally that "products sold by Whetsel **through Smokus Focus**" and "products sold by Russell-Einhorn **through Smokus Focus**" infringe one or more claims of the '834 Patent. *Id.* (emphasis added). In the body of the Complaint, Paragraphs 6 through 37, the allegations mentioning Whetsel and Russell-Einhorn by name, **in their entirety**, are as follows:

> 8. All Plastic is informed and believes that Defendant Whetsel is an individual, resident in the State of Colorado with a principle [sic] place of residence at 2298 W. 28th Ave., APT 516, Denver, Colorado, 80211. All Plastic is informed and believes that Whetsel is a member of Smokus Focus and its designated agent for service of process.
>
> 9. All Plastic is informed and believes that Defendant Russell-Einhorn is an individual, resident in the State of South Carolina, with a place of residence at 534 King St, Charleston, South Carolina, 29403. All Plastic is informed and believes that Russell-Einhorn is a member of Smokus Focus.
>
> 12. This Court has personal jurisdiction over Whetsel because Whetsel resides in Colorado, is a member of Smokus Focus, an unregistered foreign entity with a principle [sic] place of business in Colorado, he has committed infringing acts in Colorado and engages in business activities that constitute substantial or continuous and systematic contacts with the State of Colorado.
>
> 13. This Court has personal jurisdiction over Russell-Einhorn because Russell-Einhorn is a member of Smokus Focus, an unregistered foreign entity with a principle [sic] place of business in Colorado, he has committed infringing acts in Colorado and engages in business activities that constitute substantial or continuous and systematic contacts with the State of Colorado.

*Id.*, ¶¶ 8, 9. There are no substantive allegations of patent infringement or other misconduct by Whetsel or Russell-Einhorn individually, nor any further allegations that even mention Whetsel or Russell-Einhorn by name.

**ARGUMENT**

I. **TO STATE A CLAIM FOR RELIEF AGAINST WHETSEL AND RUSSELL-EINHORN, ALL PLASTIC MUST ALLEGE FACTS SUFFICIENT TO PIERCE THE CORPORATE VEIL OR DEMONSTRATE PERSONAL CULPABILITY.**

In order to state a claim upon which relief may be granted, a plaintiff must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While Rule 12(b)(6) does not demand lengthy and detailed factual recitals, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In the context of a claim for patent infringement asserted against officers of a corporation, the rule of *Twombly* requires specific allegations sufficient to pierce the corporate veil or to support a finding of personal culpability by those individuals.

The Complaint's single asserted claim for relief, for infringement of an unspecified claim of the '834 Patent, is based upon purported direct infringement or inducing others to infringe. Complaint, ¶¶ 31, 32. But a plaintiff cannot assert a claim for direct infringement against a corporate officer without demonstrating the stringent requirements for piercing the corporate veil. "[T]he 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'" *Wordtech Sys. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) (citing *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007)); *see also Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999) ("Personal liability under [35 U.S.C.] § 271(a) … requires sufficient evidence to justify piercing the corporate veil."). To pierce the corporate veil would require All Plastic to "allege[] that

4

[Smokus's] corporate structure was a sham, or existed merely to shield [Whetsel and Russell-Einhorn] from liability for 'fraud or wrong' or violation of any legal duty." *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1412 (Fed. Cir. 1996) (citation omitted).

As to inducement of infringement, the Federal Circuit in *Hoover Group*, *supra*, has expressly rejected the view that officers of a corporation are necessarily liable for a corporation's acts to induce patent infringement, holding instead that "unless the corporate structure is a sham … personal liability for inducement to infringe is not automatic." 84 F.3d at 1412.  In order to be personally liable:

> the officer must act culpably in that the officer must actively and knowingly assist with the corporation's infringement.  *Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 668, 7 USPQ2d 1097, 1103 (Fed. Cir. 1988) (the officer must have possessed specific intent to "aid and abet" infringement).  It is an insufficient basis for personal liability that the officer had knowledge of the acts alleged to constitute infringement.

*Id.* (additional citations omitted); *accord*, *Wechsler*, *supra*.  This is consistent with the general rule that "when a person in a control position causes the corporation to commit a civil wrong, imposition of personal liability requires consideration of the nature of the wrong, the culpability of the act, and whether the person acted in his/her personal interest or that of the corporation." *Id.* at 1411 (citation omitted).

### II. ALL PLASTIC HAS NOT ALLEGED FACTS SUFFICIENT TO PIERCE THE CORPORATE VEIL OR DEMONSTARATE PERSONAL CULPABILITY AGAINST WHETSEL AND RUSSELL-EINHORN.

All Plastic has failed to allege any substantive facts whatsoever against Whetsel and Russell-Einhorn individually.  Certainly it has not alleged facts that would be sufficient to pierce the corporate veil or demonstrate personal culpability as to the individual defendants.

The only allegations against Whetsel or Russell-Einhorn in the entire Complaint are that they are members of Smokus and that they operate Smokus.  Complaint, ¶¶ 4, 5, 7, 8, 12, 13.  All

Plastic asserts in inadequate, conclusory fashion that Whetsel and Russell-Einhorn "committed infringing acts," *id.*, ¶¶ 12, 13, but acknowledges from the outset of the Complaint that those infringing acts pertain to "products sold by [Whetsel and Russell-Einhorn] **through Smokus Focus**." *Id.*, ¶¶ 4, 5.  All Plastic describes sales of allegedly infringing products by "Defendants," but helpfully include photographs of those products, all of which bear the Smokus name and logo. *Id.*, ¶¶ 23-26.  There is no factual allegation of any conduct at all by Whetsel and Russell-Einhorn beyond serving as members or officers of Smokus.

In particular, All Plastic does not (and cannot, under Rule 11) allege that the corporate structure of Smokus was a sham or existed merely to shield Whetsel and Russell-Einhorn from liability for fraudulent or wrongful conduct.  There are no factual allegations sufficient even to raise an issue as to piercing the corporate veil so as to impose individual liability against Whetsel and Russell-Einhorn for direct infringement.

Similarly, there are no allegations of personal culpability sufficient to support a claim for inducement.  All Plastic does not allege that Whetsel or Russell-Einhorn acted with "specific intent" or to further their own "personal interest" rather than the interests of the corporation. *Hoover Group*, 84 F.3d at 1411-12.  The Complaint offers no explanation of the nature of the inducement alleged, and no clue as to how Whetsel and Russell-Einhorn "actively and knowingly assisted" in such inducement. *Id.* at 1412.

All Plastic's Complaint offers no basis for naming Whetsel and Russell-Einhorn as defendants beyond the mere fact that they are members or officers of Smokus, and All Plastic alleges that Smokus infringed its patent.  Under the controlling guidance of the Federal Circuit, this is insufficient as a matter of law to state a claim against Whetsel and Russell-Einhorn.

6

Respectfully submitted this 17th day of July, 2020, by:

*s/* Kammie Cuneo
*Kammie Cuneo*
Thomas P. Howard
Van Aaron Hughes
Kammie Cuneo
THOMAS P. HOWARD LLC
842 W South Boulder Road, Suite #100
Louisville, Colorado 80027
Tel: (303) 665-9845
Fax: (303) 665-9847
thoward@thowardlaw.com
ahughes@thowardlaw.com
kcuneo@thowardlaw.com
***Attorneys for Defendants***
