IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01318-NYW

ALL PLASTIC, INC. d/b/a BUD BAR DISPLAYS and BUDBARDISPLAYS.COM,
a California corporation,

    Plaintiff,

v.

SAMDAN LLC d/b/a SMOKUS FOCUS and SMOKUSFOCUS.COM,
a South Carolina limited liability company,
SAMUEL WHETSEL,
individually and in his official capacity as a member of SamDan LLC, and
DANIEL RUSSELL-EINHORN,
individually and in his official capacity as a member of SamDan LLC,

    Defendants.

**NOTICE OF DEFENDANTS' IMPROPER OBJECTIONS BROUGHT IN BAD FAITH TO PLAINTIFF'S CLAIM CONSTRUCTION HEARING EXHIBITS AND DEMONSTRATIVES**

Plaintiff All Plastic, Inc. ("Plaintiff") notifies the Court that it has complied with the Court's requirements for exchanging exhibits and demonstratives as stated in its June 23, 2021 Minute Order (ECF No. 98) and Honorable Judge Nina Wang's Civil Standing Order (the "Standing Order") Rule 18.1. Plaintiff timely exchanged its exhibits and demonstratives. Nevertheless, Defendants have raised objections (the "Objections") to various of Plaintiff's exhibits and demonstratives and seek to prohibit their use during the claim construction hearing without any explanation of the grounds for doing so. Notably, Defendants did not make any

evidentiary objections. Plaintiff has followed all of the rules regarding the proper exchange of exhibits and demonstratives and should not be prohibited from using them based only on Defendants' whims.

Standing Order Rule 18.1 specifically states: "[A]ny exhibit must already be an exhibit to the pending motion or paper, or specifically disclosed as an anticipates exhibit to the opposing party no later than seven days prior to the hearing, *unless otherwise ordered by the court*." The June 23, 2021 Minute Order ordered the parties to exchange exhibits *by July 1, 2021 at 9:00 a.m.* Plaintiff provided all of its exhibits and demonstratives to Defendants by July 1, 2021 at 9:00 a.m. Moreover, Plaintiff produced the physical demonstratives marked as Exhibits 1-16 on June 24, 2021, more than seven days before the hearing, and explicitly stated that Plaintiff would be using them at the hearing. Finally, the exhibits and demonstratives are not a surprise to Defendants as most of them have already been produced in one form or another in this matter, including in the First Amended Complaint ("FAC") and in discovery responses.

The Court's Markman ruling is of vital importance to Plaintiff. The outcome of the Court's ruling could affect the value of Plaintiff's patent portfolio and the company. Moreover, the boundaries of Plaintiff's patent will be decided by this Court, and any Markman ruling could be used by Defendants and future infringers to design around Plaintiff's patent, which would affect Plaintiff's market share.

Federal Rules of Evidence 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Importantly, "excluding evidence in a bench trial under Rule 403's weighing of probative value against prejudice [is] improper." *United States v. Kienlen*, 349

F. App'x 349, 351 (10th Cir. 2009); *see also Woods v. United States*, 200 F. App'x 848, 853 (11th Cir. 2006) ("Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision.") A Markman hearing is akin to a bench trial and Plaintiff agrees that the Court is more than capable of hearing the evidence and deciding if its probative value is substantially outweighed by one of the listed dangers.

As the Tenth Circuit has noted, the exclusion of relevant evidence under Rule 403 is "an extraordinary remedy to be used sparingly."  *K-B Trucking Co. v. Riss Int'l Corp.,* 763 F.2d 1148, 1155 (10th Cir. 1985) (citing *United States v. Plotke*, 725 F.2d 1303, 1308 (11th Cir.), *cert. denied*, ⸺ U.S. ⸺, 105 S.Ct. 151 (1984)). And, while it's the Court's discretion to exclude evidence, in the 10th Circuit, it is not harmless error when the substantial rights of a party are affected by the exclusion. *Id.* at 1155–56. That is the case here where Defendants object, without cause, to among other things:

(1) Plaintiff's demonstrative containers and corresponding photographs of the physical demonstratives (Markman Exs. 1-16), which Defendants stated just this morning they plan to use during the hearing. Defendants' counsel explicitly stated: "Please note that three slides refer to demonstrations. Those include a **display of the containers that you produced**. . . ." (*See* Ex. 2 [7/1/2021 Email from K. Cuneo at 8:06 a.m. PT). Moreover, Plaintiff provided its demonstrative containers to Defendant over a week in advance of the hearing and explicitly told Defendants it intended to use them at the hearing, while Defendants failed to ever produce their physical demonstratives. (*See* Ex. 3 6/23/2021 [Email from B. Brewer]) Defendants waited until the eve of the hearing to raise any objections to these demonstratives exhibits when Defendants could have raised these issues **a week ago.**

//

193342.4

(2) Plaintiff's entire background description of its invention and the development of the patented product and a corresponding declaration of a named inventor, which primarily was used to authenticate the physical demonstratives described above. This information has repeatedly been provided to Defendants so it is not a surprise. For example, slides 3-7 contain history that was provided to Plaintiff in its Responses and Objections to Defendants Second Set of Interrogatories. Moreover, Plaintiff's counsel has repeatedly stated these facts in Joint Statements submitted for informal discovery hearings and Defendants demanded Plaintiff provide the information in the form of admissible evidence rather than attorney argument. Now Defendants object to William Smith's declaration which does just that. (*See* Markman Ex. 28.)

(3) Photos and images available publicly online and/or previously produced or depict the same content as photos and images already produced. For example, many of the exhibits Plaintiff objects to were cited in the FAC. Exhibit 44 was cited on page 9 of the FAC; Exhibit 45 was cited in Exhibit B to the FAC; and most of the images used in Plaintiff's slideshow that cite Exhibit 17 were previously cited in the FAC at pages 6-7.

Defendants' Objections are inconsistent and nonsensical. For example, Defendants seek to prohibit the entirety of slide 54 even though it contains information and citations to the record (ECF 93, p.13) and an image contained in Exhibit 18, which Defendants did not object to. The same is true for slides 3-7, which contain citations to exhibits Plaintiff did not object to but seeks to prohibit. As another example of the illogical objections, Defendants do not object to images contained in a copy of Plaintiff's website that is archived (Ex. 18) but object to images contained in a copy of Plaintiff's current website, several of which were cited in the FAC (Ex. 17). There is no rhyme or reason to this objection.

//

When pressed, Defendants stated that their objections are based on two grounds: (1) that Plaintiff is using evidence previously requested by Defendants; and (2) because it appears that Plaintiff may be changing its claim construction positions. (*See* Ex. 1.) These are not evidentiary objections. The first point is not true and Defendants do not point to any examples. And in any event, Plaintiff complied with the Standing Order, which allows production of exhibits not used in the briefing, and Plaintiff complied with the Minute Order (ECF 98) to provide such exhibits to Defendants by 9:00 a.m. on July 1, 2021. Also, Plaintiff made a supplemental production so these documents have all been produced to Defendants. The second point is based on pure conjecture and goes to Plaintiff's attorney's argument.

Plaintiff presumes the Court meant for the June 23, 2021 Minute Order (ECF No. 98) to encourage the parties to eliminate or negotiate objections prior to the hearing. But Defendants are using it as a bludgeon to hamper Plaintiff's ability to place the patent and claims in context, effectively argue its Markman position. And, in the end, the substantial rights of the Plaintiff to defend its patent language will be affected by Defendants baseless exclusions. In this regard, Plaintiff timely served its demonstratives and exhibits to Defendants in accordance with the Court order, and every slide in the demonstrative cited to the original source per the rules. Last, every physical sample container was sent to the Defendants for review over a week before the hearing.

Plaintiff understands that endless discovery disputes distract from deciding this case on the merits.  Moreover, the Markman hearing is largely a matter of attorney argument. For these reasons, Plaintiff has not objected to any demonstrative or exhibit of Defendants – even though Defendants' slides were not compliant with the rules as they fail to cite to the source of information on each slide and Defendants never exchanged their physical demonstratives.

5

Plaintiff would prefer for the parties to argue their positions and rely on the sophistication of this Court to discern the merits of the materials. Nevertheless, because the exclusion of evidence in this Markman hearing could affect the substantial rights of Plaintiff, we request the Court hear each objection in due course to preserve the record.

Respectfully submitted,

Dated:  July 1, 2021

*/s/ Ashley L. Kirk*
Ashley L. Kirk
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
E-mail: akirk@willenken.com

Attorney for Plaintiff
All Plastic, Inc.