# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01318-NYW

ALL PLASTIC, INC., a California corporation,

      Plaintiff,

v.

SAMDAN LLC d/b/a SMOKUS FOCUS and SMOKUSFOCUS.COM, a South Carolina limited liability company,
SAMUEL WHETSEL, individually and in his official capacity as a member of SamDan LLC, and
DANIEL RUSSELL-EINHORN, individually and in his official capacity as a member of SamDan LLC,

      Defendants.

---

## MINUTE ORDER

Magistrate Judge Nina Y. Wang

      This matter is before the court on the Unopposed Motion to Restrict ("Motion to Restrict" or the "Motion") [Doc. 125, filed September 17, 2021] pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated August 10, 2020 [Doc. 24]. Defendants seek restriction of Exhibits 3–9 and 10–17 to Plaintiff's Reply in Support of the pending Motion to Compel Production of Documents Related to Defendants' Financial Information [Doc. 107, filed September 30, 2021] based on the confidentiality of documents contained therein. [Doc. 125 at 1].

      As discussed in this court's prior rulings on similar motions filed in this action, "'[c]ourts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*,


767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

In exercising that discretion, the court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient; as is the bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826–27; *see also* D.C.COLO.LCivR 7.2 (stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction). But a party may overcome the presumption of public access where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); or private or personally identifiable information, Fed. R. Civ. P. 5.2, or otherwise invade privacy interests, *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).

These principles are reflected in D.C.COLO.LCivR 7.2(a). Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)–(4).

Defendants seek Level 1 Restriction of the following Exhibits to Plaintiff's Reply in Support of the pending Motion to Compel Production of Documents Related to Defendants' Financial Information [Doc. 107]: Exhibits 3 [Doc. 121], 4 [Doc. 121-1], 5 [Doc. 121-2], 6 [Doc. 121-3], 7 [Doc. 121-4], 8 [Doc. 121-5], 10 [Doc. 121-7], 11 [Doc. 121-8], 12 [Doc. 121-9], 13 [Doc. 121-10], 14 [Doc. 121-11], 15 [Doc. 121-12], 16 [Doc. 121-13], and 17 [Doc. 121-14]. Defendants state that the Protective Order in this case requires parties to file confidential information under restriction [Doc. 125 ¶ 2 (citing [Doc. 36 ¶ 13])], and explain that Exhibits 3–17[1] are confidential documents produced by Plaintiff that have been so designated [*id.* at ¶ 3]. Exhibit 3 [Doc. 121] contains Plaintiff's Profit & Loss statements; Exhibit 4 [Doc. 121-1] contains emails between Defendants and a manufacturer regarding orders and listing customer names and addresses; Exhibit 5 [Doc. 121-2] contains information regarding Defendants' customer sales; Exhibit 6 [Doc. 121-3] contains emails between Defendants and a customer regarding an order and

---

[1] While Defendants are not seeking to restrict Exhibit 9, *see* [Doc. 125 at 3], the court will identify the range of exhibits collectively (e.g., "Exhibits 3–17") for clarity and ease of reference.

pricing related to the same; Exhibit 7 [Doc. 121-4] contains emails between Defendants and a vendor regarding product shipments, including tracking numbers and delivery locations; Exhibit 8 [Doc. 121-5] contains emails between Defendants and a vendor regarding sales data; Exhibit 10 [Doc. 121-7] contains Defendants' internal emails regarding infringement claims and the status of certain payments; Exhibit 11 [Doc. 121-8] contains information regarding Defendants' pricing of products; Exhibit 12 [Doc. 121-9] contains emails between Defendants and a manufacturer regarding specific details about Defendants' products; Exhibits 13 [Doc. 121-10] and 14 [Doc. 121-11] contain emails between Defendants and a manufacturer detailing customer orders; Exhibit 15 [Doc. 121-12] contains emails between Defendants and a vendor regarding sales and issues with Defendants' product shipments; and Exhibits 16 [Doc. 121-13] and 17 [Doc. 121-14] contain Defendants' internal communications regarding current and future business and marketing plans.

Defendants argue that restriction of Exhibits 3–17 is necessary because the documents contain "business operation and competitive information that have business value but are of no interest to the public"; "reveal Plaintiff's financial information and Defendants' internal operations, practices, financial information and marketing practices"; and "reveal customer information, including addresses." [*Id*. at ¶ 7]. Plaintiff does not oppose Defendants' Motion to Restrict. [*Id.* at ¶ 12].

Upon review of the Motion, the exhibits at issue, and applicable law, the court finds that disclosure of Exhibits 3–7 [Doc. 121; Doc. 121-1 to -4] and Exhibits 10–17 [Doc. 121-7 to -14] run the risk of revealing Defendants', and potentially third parties', confidential and proprietary information. Thus, the requested restriction is appropriate as to the above-referenced documents. *See Rickaby v. Hartford Life & Accident Ins. Co*., No. 11-cv-00520-RM-BNB, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal commercial and financial information of both a party and third party); *Hershey*, 550 F. App'x at 574 (information which "could harm the competitive interests of third parties" may be properly restricted); *All Plastic, Inc. v. Samdan LLC*, No. 20-cv-01318-NYW, 2021 WL 2954740, at *4 (D. Colo. Apr. 6, 2021) (finding restriction of documents appropriate to protect disclosure of "sales data [that] is not currently publicly available"). Accordingly, the court will **GRANT** the Motion to Restrict as to [Doc. 121; Doc. 121-1; Doc. 121-2; Doc. 121-3; Doc. 121-4; Doc. 121-7; Doc. 121-8; Doc. 121-9; Doc. 121-10; Doc. 121-11; Doc. 121-12; Doc. 121-13; Doc. 121-14].

However, the court cannot conclude that restriction is warranted on Exhibit 8 [Doc. 121-5]. While Exhibit 8 contains emails between Defendants and a vendor generally concerning product sales data, no such sales data is identified specifically in the emails. *See* [*id*.]. Indeed, the emails state the sales data at issue is reflected in an email attachment, [*id*. at 2], and Defendants acknowledge that Exhibit 8 as submitted is "missing [the] attachment," [Doc. 125 at 2]. Nor is the existence of a relationship between Defendants and this vendor confidential, given its identification by Defendants in other publicly available documents. *See e.g.*, [Doc. 124]. In other words, Exhibit 8 does not contain sensitive business or confidential information, and Defendants do not sufficiently explain why restriction of this exhibit is otherwise warranted. *See* [Doc. 125]. Accordingly, the court will **DENY** the Motion to Restrict insofar as it seeks restriction of [Doc. 121-5].

Therefore, **IT IS ORDERED** that:

(1) The Unopposed Motion to Restrict [Doc. 125] is **GRANTED IN PART** and **DENIED IN PART**;

(2) The Clerk of the Court is **DIRECTED to MAINTAIN** Level 1 Restriction for [Doc. 121; Doc. 121-1; Doc. 121-2; Doc. 121-3; Doc. 121-4; Doc. 121-7; Doc. 121-8; Doc. 121-9; Doc. 121-10; Doc. 121-11; Doc. 121-12; Doc. 121-13; Doc. 121-14]; and

(3) The Clerk of the Court is **DIRECTED TO UNRESTRICT** [Doc. 121-5].

DATED:  September 27, 2021