# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01318-NYW

ALL PLASTICS, INC., d/b/a BUD BAR DISPLAYS and BUDBARDISPLAYS.COM, a California corporation,

    Plaintiff,

v.

SAMDAN LLC, d/b/a SMOKUS FOCUS, a South Carolina limited liability company, SAMUEL WHETSEL, an individual and in his capacity as a member of SamDan LLC, and DANIEL RUSSELL-EINHORN, an individual and in his capacity as a member of SamDan LLC,

    Defendants.

---

## DEFEDANTS' FINAL INVALIDITY CONTENTIONS

---

Defendants hereby serve on Plaintiff their Final Invalidity Contentions, compliant with D.C.COLO.LPtR 16(b). Charts IB, IIB, IIIB, IV, VB, VI, VII, VIII further set forth the correspondence of each claim element to the prior art teachings. Also appended is a statement of good cause addressing the changes since the initial invalidity contention.

## LISTING OF THE PRIOR ART

Each of following qualifies as prior art under 35 U.S.C§ 102.

- US Patent No. 9,334,086 to Bean, filed Jul. 30, 2015, based on provisional filed Jul. 30, 2014 ("Bean")
- US PGPub 2016/0031605 to Bean
- US 7,743,934 to Martin, filed on April 12, 2005 ("Martin")

- US 8,528,775 to Martin, filed on February 23, 2006, based on US 7,007,818 filed on December 9, 2002
- US Patent No. 9,801, 488 to Affatato, filed Mar 4, 2016, based on provisional Mar. 6, 2015 ("Affatato")
- Bud Bar containers publicly available in 2013 and further evinced by an article in The Columbian, August 27, 2014 ("Bud Bar")
- World's Best Bug Jar by Safari Toys, on sale at least since 2012, available for purchase at https://www.amazon.com/Safari-Toys-Worlds-Best-Bug/dp/B000BIX3BY ("Bug Jar")
- US Patent No. 4,230,231 to Burnett, filed on April 16, 1979 ("Burnette")
- US Patent No. 4,284,200 to Bush, filed on October 1, 1979 ("Bush")
- US D803,287 to Whetsel, filed April 5, 2016 ("Whetsel")
- US Patent Application No. 2013/0280147 to Kang, filed on , published Oct. 24, 2013
- HK (Hong Kwang Sub): KR1020110021002A (app # KR20120103019A) (published Sep 9, 2012)
- US 3,656,840 to Smith, filed June 26, 1970 ("Smith `840")
- US D607,340 to Klis, filed September 29, 2008 ("Klis")
- US 8,899,443 to Soibel, filed on December 15, 2009 ("Soibel")
- US 4,979,332 to Nagaya, filed December 20, 1988 ("Nagaya")
- US PGPub 2013/0313217 to Yamamoto, filed on August 7, 2013 ("Yamamoto")
- US 6,013,524 to Friars, filed January 19, 1998 ("Friars")
- US 5,321,908 to Ushimaru, filed on May 12, 1993 ("Ushimaru")
- US PGPub 2007/0051826 to Schofield, filed August 22, 2005 ("Schofield")
- EP 0900408 to Dart Industries, date of publication September 24, 2003 ("Dart")
- Bud Bar Container as discloses at ALL_000863, 870, 905-8, 9154, and the document with No Bates Label.
- The Bud Bar Container Aroma Canna-Pod w/lens & scent vent, produced at the Claim Construction Hearing on July 2, 2021, and the container portion, without the L-shaped stand of the E-Pod, and believed to have been the second container produced at the Claim Construction Hearing on July 2, 2021, and believed to be shown in ALL_ 015061-63; ALL_015102-103.
- The Bud Bar 2011 Container, shown in public use as early as 2011 (*e.g.* ALL_ 000906-8, Ex. 18 [William Smith Decl.] (identified by Plaintiff during the Claim Construction Hearing on July 2, 2021).

The references to the following: Bean and its family members, Martin and its family members, Bud Bar, Bug Jar, Burnette, Bush, Kang, HK, Smith, Klis, Soibel, Nagaya, Yamamoto, Friars, Ushimaru, Schofield, Dart, all qualify under § 102(a)(1) for having been patented, published, in public use or sale, or otherwise available to the public before the effective filing date of the claimed invention. The references to Affatato and Whetsel qualify under § 102(a)(2) for having been disclosed in a patent or a published application which names other

inventors and which was effectively filed before the effective filing date of the claimed invention.

The effective filing date for subject matter properly described and enabled according to 35 U.S.C. § 112(a) in patent application number 14/701,961 is May 1, 2015. The effective filing date for any other disclosure in the asserted patent is March 21, 2017, the filing date of its application, serial number 15/464,823.

The Bud Bar Container disclosures qualify as prior art against the claims of the asserted patent under 35 U.S.C. § 102(a)(1) for having been disclosed or otherwise publicly available prior to the effective filing date thereof—March 21, 2017. The exception at § 102(b) does not apply because the Bud Bar Container disclosures were made before March 21, 2016, more than one year prior to March 21, 2017. The effective filing date for each claim of the asserted patent is no earlier than March 21, 2017, because no earlier disclosure, contained within the priority chain of the patent application serial number 15/464,823, satisfies the written description requirements under 35 U.S.C. § 112(a).

## GROUNDS FOR INVALIDITY

Each claim of the asserted patent is invalid for being obvious over the prior art under 35 U.S.C. § 103. The appended Charts set forth specific exemplary grounds of rejection with respect to one or more prior art references. The Reference Chart provides a summary of citations each of which teaches an element of a claim and which may be combined together, or with the prior art disclosures in the Charts, to render the claims of the asserted patent obvious. The citations in the Reference Chart are a supplement to those identified in Charts I-VIII and are not exhaustive.

Moreover, Claims 1 and 11 are invalid under 35 U.S.C. § 112(b) for failing to particularly point out and distinctly claim the invention. Specifically, claim 1 recites that "said

DEFENDANTS' FINAL INVALIDITY CONTENTIONS - 3

plug forms an airtight seal between said plug and said lid completely sealing said chamber" which is ambiguous and renders the metes and bounds of the claim indefinite. The plug as claimed can seal the scent openings but cannot seal the chamber, as claimed (for example, if the connection between the lid and the body of the container is not sealed). Accordingly, it is unclear whether this limitation intends to recite functional language which follows from the structural limitations already recited or whether it seeks to imply a structural limitation not expressly stated, namely that the claimed lid and the claimed body are fitted together to create an airtight (or completely sealed) chamber. Claims 2-10 and 12-20 depend from claims 1 and 11 respectively. As such, they too are indefinite under § 112(b).

Claims 3, 13 and 4, 14 are additionally indefinite under § 112(b) because each recite "wherein said lid and said container body are comprised of" PMMA or SAN respectively. The disclosure only supports the container and lid being made from PMMA or from SAN. But the word "comprising" as used implies that the container or lid merely includes PMMA or SAN. Accordingly, the metes and bounds of the claim are ambiguous and it is unclear whether or not a container body or lid which includes, but is not made from, PMMA or SAN infringes the claims.

Claims 1 and 11 are invalid under 35 U.S.C. § 112(b) for failing to particularly point out and distinctly claim the subject matter that the inventor regards as the invention. Specifically, claims 1 and 11 recite "a lens" which is admitted by patentee to be limited to a "dedicated, high quality" lens. *See* ECF 122 pp. 10-16. The only guidance provided by the disclosure as to what is a dedicated, high quality lens is that the lens may be a planoconvex lens manufactured by J.P. Manufacturing. US Patent 10,384,834 at col. 3:2-6. But the claimed lens is not limited to the plano convex lens by J.P. Manufacturing. *Id.*; ECF 122 pp. 10-16. As such, the metes and bounds of claims 1 and 11 are indefinite because claims 1 and 11 fail to inform one of ordinary skill as to

DEFENDANTS' FINAL INVALIDITY CONTENTIONS - 4

the scope of the invention with reasonable certainty. That is, the claims do not particularly point out and distinctly claim the invention so as to inform, with reasonable certainty, those skilled in the art regarding what lens is covered by the claims and what is not.

Moreover, a "dedicated, high quality lens" is not used in any patent disclosure available in the USPTO database or in decisions from the federal courts or in content available online through Google or Bing search engines. Therefore, without some guidance from the disclosure, consistent with 112(b) which informs a person of ordinary skill what the inventor considers to be a dedicated, high quality lens, the scopes of claims 1 and 11 are indefinite. Claims 2-10 and 12-20 depend from claims 1 and 11 and are therefore invalid for the same reasons.

Defendants reserve their right to assert one or more invalidity positions under 35 U.S.C. § 112(b) if Plaintiff asserts a construction for an element of a claim which is inconsistent with that set forth by the specification and the intrinsic evidence.

Defendants further reserve their right to assert one or more invalidity positions under 35 U.S.C. § 112(a), for failure to enable or failure to provide adequate written description, if Plaintiff asserts a construction for an element of a claim which is inconsistent with the disclosure of that element on the priority date as asserted by Plaintiff.

Further, all of the claims of the asserted patent are unenforceable or invalid due to inequitable conduct, unclean hands, the violation of the duty of candor and the duty to disclose under 37 C.F.R. § 1.56.

First, applicant failed to disclose to the USPTO their publicly available products which are material to patentability and which have been in the public domain for almost a decade.

DEFENDANTS' FINAL INVALIDITY CONTENTIONS - 5

Applicant had been selling products as far back as 2011. Those products are material to patentability at least because they include many, if not all, elements of the claims. Examples of these products as disclosed and publicly available are shown in ALL_000906-8, as well as Plaintiff's products as referred to in Charts VII, VIII.

Second, applicants failed to correctly disclose their correct entity status to the USPTO, thereby receiving deeply discounted fees. Applicant paid fees to the USPTO as a micro entity when applicant did not qualify for such a status under the requirements of 37 C.F.R. § 1.29 and form PTO/SB/15A. Moreover, the asserted patent is a fruit of a poisonous tree as its parent application, 14/701,961 now US 9,630,747 to Smith, suffers from the same deficiencies.

Defendants reserve their right to supplement these disclosures as permissible by Federal Rules of Civil Procedure 26, the Local Rules, and the case schedule as entered in this action.

On October 27, 2021 by         *s/* Kammie Cuneo
                                *Kammie Cuneo*

                                Thomas P. Howard
                                James Juo
                                THOMAS P. HOWARD LLC
                                842 W South Boulder Road, Suite #100
                                Louisville, Colorado 80027
                                Tel: (303) 665-9845
                                thoward@thowardlaw.com
                                jjuo@thowardlaw.com
                                kcuneo@thowardlaw.com

                                *Attorneys for Defendants*