# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01318-NYW

ALL PLASTIC, INC.,

    Plaintiff,

v.

SAMDAN LLC, d/b/a SMOKUS FOCUS, a/b/a SMOKUSFOCUS.COM,
SAMUEL WHETSEL, individually and as a member of SamDan LLC, and
DANIEL RUSSELL-EINHORN, individually and as a member of SamDan LLC,

    Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

    These matters come before the court on the Unopposed Motion to Restrict Exhibits 1 and 7 (ECF Nos. 141 and 141-1) to Plaintiff's Response to Defendants' Motion to Exclude (ECF No. 140) (the "Motion" or "Motion to Restrict") [Doc. 144, filed November 23, 2021]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated August 10, 2020 [Doc. 24].

    As discussed in this court's prior rulings on similar motions filed in this action, "'[c]ourts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

    In exercising that discretion, the court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to

restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient; as is the bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826-27; *see also* D.C.COLO.LCivR 7.2 (stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction). But a party may overcome the presumption of public access where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); or private or personally identifiable information, Fed. R. Civ. P. 5.2, or otherwise invade privacy interests, *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).

Plaintiff All Plastic, Inc. ("Plaintiff") seeks Level 1 Restriction of Exhibits 1 and 7 to its Response to Defendants' Motion to Exclude. [Doc. 141; Doc. 141-1]. Plaintiff represents that Defendants SamDan LLC, Samuel Whetsel, and Daniel Russell-Einhorn do not oppose restriction of these documents. [Doc. 144 at ¶ 12].

According to Plaintiff, Exhibit 1 contains "[d]ocuments evidencing the design and reduction to practice of Plaintiff's products," while Exhibit 7 includes "[i]nvoices for products with a soft plug scent vent dated prior to the May 2, 2015[] priority date, which list customers['] names and addresses." [*Id*. at 1-2]. In arguing that good cause exists to maintain Exhibits 1 and 7 at Level 1 Restriction, Plaintiff states only that the Exhibits "include design information regarding Plaintiff's products and competitive information, including names and address[es] of customers, which have business value but are of no interest to the public." [*Id.* at ¶ 7].

At the outset, the court must address Plaintiff's failure to comply with the Local Rules in filing the instant Motion to Restrict. Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. Under this Rule, "[a] motion to restrict public access shall be open to public inspection and **shall**" (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access, such as redaction, summarization, stipulation, or partial restriction, are not adequate. D.C.COLO.LCivR 7.2(c)(1)-(4) (emphasis added). The Motion to Restrict largely fails to comply with these requirements. First, while the court has previously discussed Plaintiff's failures to "provide[] many specific details or much argument addressing how the documents it seeks to restrict reveal sensitive or confidential information," [Doc. 116 at 3]; *All Plastic, Inc. v. SamDan LLC*, No. 20-cv-01318-NYW, 2021 WL 5067405, at *2 (D. Colo. Aug. 26, 2021), Plaintiff has not sufficiently identified its interest to be protected or why its interests outweigh the "strong public interest in public access to the courts." *Tracy v. Suncor Energy (U.S.A.) Inc.*, No. 20-cv-01597-WJM-NYW, 2021 WL 5140300, at *9 (D. Colo. Nov. 4, 2021). A brief statement that the Exhibits contain Plaintiff's competitive information, which "[has] business value but are [is] of no interest to the public," is not sufficient. *Sentegra,*

*LLC v. Asus Computer Int'l*, No. 16-cv-00132-MSK, 2017 WL 3388741, at *3 (D. Colo. Aug. 6, 2017) (court finding that "general invocations of privacy interests and hypothetical concerns of vague 'competitive disadvantage'" are insufficient to carry burden under Local Rule 7.2).[1]

Moreover, Plaintiff fails to identify a clear injury that would result absent restriction; a statement that "without the restriction to Level 1 Access, Plaintiff would be harmed by having these confidential documents made public" does not suffice. *See T2 Techs., Inc. v. Windstream Commc'ns, Inc.*, No. 14-cv-03151-MSK-KLM, 2016 WL 9735763, at *10 (D. Colo. Sept. 26, 2016) (denying motion to restrict where the party failed to identify any specific harm it would suffer absent restriction). And finally, despite this court's previous admonition, *see, e.g.*, [Doc. 116 at 3]; *All Plastic*, 2021 WL 5067405, at *2, and the plain language of the Local Rules, *see* D.C.COLO.LCivR 7.2(c)(4), Plaintiff fails to explain why no alternative means, such as redaction, is sufficient to protect its proprietary information from disclosure. *See generally* [Doc. 144 at ¶ 9 (cursorily stating that "only restriction of these exhibits will protect Plaintiff's interest in keeping information . . . confidential")]. "[S]uch a speculative, vague assertion, without any identification of a real, concrete harm that will result absent restriction, does not pass Local Rule 7.2(c) muster." *Albrandt v. State Farm Fire & Cas. Co.*, No. 20-cv-01926-RM-NYW, 2021 WL 5068020, at *3 (D. Colo. Sept. 23, 2021).

Plaintiff's failure to comply with the Local Rules is alone a sufficient basis to deny its Motion to Restrict. *Rocky Vista Univ., LLC v. Andrew*, No. 13-cv-02784-MSK-BNB, 2013 WL 12192574, at *2 (D. Colo. Dec. 6, 2013); *Nhano-Lopez v. Houser*, 625 F.3d 1279, 1284 (10th Cir. 2010) ("Local rules that are consistent with the national rules have the force of law."). Plaintiff has filed at least six motions seeking restriction in this case and should be familiar with this District's Local Rules of Practice. While the court will address the merits of restriction for the instant Motion, **the Parties are hereby advised that any further motions to restrict which fail to adequately comply with Local Rule 7.2 may be denied and the documents sought restricted may be unrestricted without further notice from the court.**

Turning now to Plaintiff's Exhibits, with respect to Exhibit 1, Plaintiff's lack of detail in its Motion to Restrict hinders this court's ability to determine whether these "[d]ocuments evidencing the design and reduction to practice of Plaintiff's products," [Doc. 144 at ¶ 7], should be restricted, and the court instead must guess as to whether this Exhibit contains Plaintiff's proprietary or confidential information. The documents contain pictures of what appear to be early designs of Plaintiff's products, as well as hand-drawn diagrams, minor handwritten notes, and minor product details. *See, e.g.*, [Doc. 141 at 6-11]. Despite Plaintiff's failure to adequately advocate for restriction in this case, the court will maintain Level 1 Restriction of Exhibit 1. The court has previously permitted restriction of "Defendants' alleged custom renderings of products for third-party dispensaries," [Doc. 116 at 3]; *All Plastic*, 2021 WL 5067405, at *2, on the basis that such documents could run the risk of revealing Defendants' confidential or proprietary

---

[1] Insofar as Plaintiff intends to rely on the designation of Exhibits 1 and 7 as "confidential" as the basis for its Motion to Restrict, *see* [Doc. 144 at ¶¶ 3-4], this court has previously advised that "stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction." *All Plastic, Inc. v. Samdan LLC*, No. 20-cv-01318-NYW, 2021 WL 2954769, at *1 (D. Colo. May 5, 2021) (citing D.C.COLO.LCivR 7.2)).

3

information and, as a result, harm its competitive interests. *See id.* The court finds that, for these same reasons, disclosure of Plaintiff's early designs and/or notes about its products could reveal Plaintiff's proprietary or confidential information, which could harm Plaintiff's competitive standing. *See Rickaby v. Hartford Life & Accident Ins. Co.*, No. 11-cv-00520-RM-BNB, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (granting motion to restrict where public disclosure of documents would reveal commercial and financial information of a party). Accordingly, the court will **GRANT** the Motion to Restrict insofar as it seeks to maintain Level 1 Restriction of Exhibit 1. However, this court notes that to the extent that any of these renderings have been made publicly available, such as through the prosecution of the Patents-in-Suit, or are subject to substantive consideration in the context of dispositive motions or trial, it may not be appropriate to maintain the restriction.

As to Exhibit 7, Plaintiff is correct that these invoices appear to list customer names and addresses. *See, e.g.*, [Doc. 141-1 at 2]. But as set forth above, Plastic has not adequately explained the clear injury it will suffer if these documents are made public, nor has it argued why less restrictive measures are inadequate to protect its confidential or proprietary information, as required by Local Rule 7.2. Indeed, the customer names and addresses comprise only a small portion of Exhibit 7, and because Plaintiff has failed to explain if or how Exhibit 7 contains "Plaintiff's products and competitive information," *see* [Doc. 144 at ¶ 7], the court can only assume that the customer names and addresses are the only basis upon which Plaintiff seeks restriction of Exhibit 7.[2] The court finds that, because the information to be protected is only a minor portion of Exhibit 7, redaction would properly protect against the disclosure of customer names or addresses. *See All Plastic*, 2021 WL 2954740, at *4 (this court finding that a redacted version of a chart which included, *inter alia*, customer names, addresses, and emails "[struck] an appropriate balance between the interests of Defendants and the public interest in access to litigation materials"); *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, 970 F. Supp. 2d 1162, 1192 (D. Colo. 2013) (Given that these matters comprise only a relatively small portion of the materials in question and are easily addressed by simple solutions such as redaction or substitution, the Court finds that wholesale restrictions of access to the documents in question are unwarranted.").

For these reasons, the court **DENIES** the Motion to Restrict insofar as it seeks wholesale restriction of Exhibit 7. *See T2 Techs.*, 2016 WL 9735763, at *10 (D. Colo. Sept. 26, 2016) (denying motion to restrict where it did not "explain (other than making a bare conclusion) why there are no alternatives to complete restriction (such as, for example, redacting customers' names)."). Plaintiff **SHALL FILE** a redacted version of Exhibit 7 on or before **December 13, 2021**. If Plaintiff does not file a redacted version of Exhibit 7, [Doc. 141-1] will be unrestricted.

---

[2] Exhibit 7 also appears to contain product names and pricing information. *See, e.g.*, [Doc. 141-1 at 3]. But Plaintiff makes no mention of this information in its Motion to Restrict, does not argue this information is confidential or proprietary, and does not argue that restriction is necessary to protect against the disclosure of its product names or prices. It is not the court's duty to formulate arguments for Plaintiff. *Cahey v. Int'l Bus. Machines Corp.*, No. 20-cv-00781-NYW, 2021 WL 5384526, at *11 (D. Colo. Nov. 18, 2021).

In ruling on the instant Motion to Restrict, the court does not consider the merits of Defendants' Motion to Exclude [Doc. 133]. The Parties are again reminded that this ruling does not necessarily mean that any decision by the court, or trial testimony, will be redacted. *See Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012) (citing 8A Charles Alan Wright, et al., *Federal Practice & Procedure* § 2042, at 234 (3d ed. 2010)) (observing that "[t]he strongest arguments for access apply to materials used as the basis for a judicial decision on the merits of the case"). To the extent that one or more of the Parties believes restriction of the court's decisions in this matter is necessary, that Party should proceed to filing a Motion to Restrict, with a proposed redacted public version, for the court's consideration.

Therefore, **IT IS ORDERED** that:

(1) Plaintiff's Unopposed Motion to Restrict Exhibits 1 and 7 (ECF Nos. 141 and 141-1) to Plaintiff's Response to Defendants' Motion to Exclude (ECF No. 140) [Doc. 144] is **GRANTED IN PART** and **DENIED IN PART**;

(2) The Clerk of Court is **DIRECTED to MAINTAIN** a Level 1 Restriction for [Doc. 141; Doc. 141-1] until further order of the court;

(3) Plaintiff is **ORDERED** to file a redacted version of Exhibit 7 by **December 13, 2021**; and

(4) Plaintiff's failure to file a redacted version of Exhibit 7 by the deadline will result in the court ordering the Clerk of Court to unrestrict [Doc. 141-1].

DATED: December 7, 2021