# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01318-NYW

ALL PLASTIC, INC.,

     Plaintiff,

v.

SAMDAN LLC, d/b/a SMOKUS FOCUS, a/b/a SMOKUSFOCUS.COM,
SAMUEL WHETSEL, individually and as a member of SamDan LLC, and
DANIEL RUSSELL-EINHORN, individually and as a member of SamDan LLC,

     Defendants.

---

## ORDER TO SHOW CAUSE

---

Magistrate Judge Nina Y. Wang

     This matter comes before the court *sua sponte* pursuant to 28 U.S.C. § 636(c); the consent of the Parties for all purposes [Doc. 23]; and the Order of Reference [Doc. 24].  This court granted the Motion to Withdraw as Counsel for Defendants on November 5, 2021.  *See* [Doc. 135; Doc. 136; Doc. 139; Doc. 145].  As explained to Defendants Samuel Whetsel ("Defendant Whetsel" or "Mr. Whetsel") and Daniel Russell-Einhorn ("Defendant Russell-Einhorn" or "Mr. Russell-Einhorn," collectively with Defendant SamDan, LLC and Mr. Whetsel, "Defendants") during the Telephonic Status Conference on November 5, 2021 [Doc. 139], Defendant SamDan LLC ("SamDan") may not proceed without an attorney.  *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (*citing Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law.").  In addition, pursuant to D.C.COLO.LAttyR 5(b), a corporation, partnership, or other legal entity "may not appear without counsel admitted to the bar of this court."

On January 31, 2022, this court entered an Order in which it noted that counsel for Defendants were permitted to withdraw their representation for Defendants on November 5, 2021, *see* [Doc. 139], "but no counsel has entered an appearance on behalf of SamDan." [Doc. 148 at 1]. Accordingly, the court ordered (1) counsel for SamDan to enter an appearance and (2) Defendants to show cause "as to why the court should not enter default and/or default judgment against all Defendants for failure to defend" on or before February 11, 2022. [*Id.* at 2]. The undersigned explained to Defendants that "[t]his court cannot proceed with this action without participation by Defendants." [*Id.*].

On February 11, 2022, Plaintiff filed a Notice of Settlement and Unopposed Motion for Extension of Time ("Notice") [Doc. 149]. In the Notice, Plaintiff represented that (1) "the Parties have reached a settlement agreement in principle," and (2) "[t]he Parties anticipate filing a Motion for Stipulated Judgment within the next 30 days," [Doc. 149 at 1], and requested that the court extend by 30 days the deadlines for counsel for Defendants to enter an appearance and respond to the show cause Order, up to and including March 14, 2022, [*id.*]. The court subsequently granted Plaintiff's requests in the Notice and reset the deadline for Defendants to respond to the Show Cause Order to March 14, 2022. *See* [Doc. 150]. Despite this court's advisements and the extension of time, to date, counsel for SamDan still has yet to enter an appearance, and the court's docket does not reflect that Defendants filed a response to the court's Show Cause Order by the deadline to do so.

On February 15, 2022, Plaintiff filed an Unopposed Motion for Stipulated Order for Permanent Injunction and Judgment of Validity and Infringement [Doc. 152], wherein Plaintiff asserts that "[a]s part of this settlement, All Plastic and Defendants agreed to the entry of the

Proposed Stipulated Order for Permanent Injunction and Judgment of Validity and Infringement."[1] [Doc. 152 at 1]; *see also* [Doc. 154].  That motion remains pending before the court.  Defendants Whetsel and Einhorn, as individuals, may proceed pro se.  [Doc. 145].  The court notes that Samuel Whetsel has signed on behalf of SamDan LLC.  [Doc. 152 at 3[]].  But because SamDan is an unrepresented entity, this court cannot simply accept the representation that SamDan agrees to the entry of the Proposed Stipulated Order for Permanent Injunction and Judgment of Validity and Infringement.  Nor does this court find that requiring Plaintiff to seek an entry of default against SamDan, and then file an additional motion for default judgment seeking entry of the same relief subject to the Proposed Stipulated Order for Permanent Injunction and Judgment of Validity and Infringement, an efficient use of the Parties' or the court's resources.

As the court cautioned Defendants in the Show Cause Order, the United States Court of Appeals for the Tenth Circuit Court has held that:

> A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal rules. Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party. But dismissal or other final disposition of a party's claim is a severe sanction reserved to the extreme case, and is only appropriate where lesser sanction would not serve the ends of justice. In applying such a sanction, the district court must consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Only when these aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction.

*Reed v. Bennett*, 312 F.3d 1190, 1995 (10th Cir. 2002) (internal quotation and citation omitted).

Therefore, **IT IS ORDERED** that:

(1)     **On or before March 22, 2022**, Defendant SamDan shall **SHOW CAUSE** as to

---

[1]  The court requested, and Plaintiff provided, a Proposed Stipulated Order for Permanent Injunction and Judgement [sic] of Validity and Infringement on March 7, 2022.  *See* [Doc. 153; Doc. 154].

why the court should not sanction them for failing to defend and failing to comply

with this court's Orders by entering the Proposed Stipulated Order for Permanent

Injunction and Judgement of Validity and Infringement [Doc. 154];

(2) **Defendant SamDan LLC is specifically ADVISED that failure to respond to the Order to Show Cause may result in the entry of a permanent injunction and judgment of validity and infringement in the form submitted by Plaintiff, or in a form as amended by the court;** and

(3) A copy of this Order shall be mailed to:

Samuel Whetsel
1541 N. Marion Street, Unit 300519
Denver, Colorado 80218

Daniel Russell-Einhorn
1025 Ashley Avenue
Charleston, South Carolina 29403; and

SamDan LLC d/b/a Smokus Focus
1541 N. Marion Street, Unit 300519
Denver, Colorado 80218

DATED: March 15, 2022

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge